# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | ) |
| **Michael R. McFalls** | ) Chapter 13 Case No.: 10-55444 |
| | ) |
| | ) **Judge**      **Shea-Stonum** |
| | ) ☐ Original Chapter 13 Plan |
| | ) ☒ Amended Chapter 13 Plan** |
| Debtor(s) | ) ☒ See Paragraph Twelve for Special Provisions |

*************************************************************************************************

**ATTENTION CREDITORS - YOUR RIGHTS WILL BE AFFECTED.**

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

**\*\*This plan is being amended to reduce the monthly Trustee payment and to reduce the unsecured dividend.**

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $__**1,090.00**__ per month, payable in

     ☒ monthly    ☐ semi-monthly    ☐ bi-weekly    ☐ weekly    installments of $__**1,090.00**__ each,

      ____ The Debtor is employed by **(name and address of employer)** and shall make payment by payroll deduction.
      ____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.
      __X__ The Debtor is retired and/or has **Pension** and shall make payments to the Trustee by check or money order.

The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

2. **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| -NONE- | | | |

3. **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines;

(iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

## 4. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **Wells Fargo (First Mortgage)** | **136 Hollywood Avenue, Cuyahoga Falls, Ohio 44221** | 2,318.10 | | 40.00 |
| **Akron Firefighters' Credit Union (Second Mortgage)** | **136 Hollywood Avenue, Cuyahoga Falls, Ohio 44221** | No Arrears. | | **This lien shall be stripped pursuant to 11 U.S.C. 522(f) and shall be treated as wholly unsecured** |
| **Capital One (Judgment Lien)** | **136 Hollywood Avenue, Cuyahoga Falls, Ohio 44221** | No Arrears. | | **This lien shall be avoided pursuant to 11 U.S.C. 522(f) and shall be treated as wholly unsecured.** |
| **WFNNB (Judgment Lien)** | **136 Hollywood Avenue, Cuyahoga Falls, Ohio 44221** | No Arrears. | | **This lien shall be avoided pursuant to 11 U.S.C. 522(f) and shall be treated as wholly unsecured** |
| **Calhoun County Sheriff (Property Taxes)** | **2721 Annamoriah Road, Creston, WV 26141** | 900.00 | | 20.00 |

### B. Liens and Other Claims Secured by Real Estate

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **-NONE-** | | | | |

## 5. CLAIMS SECURED BY PERSONAL PROPERTY

### A. Secured Claims to be Paid Through the Plan:

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **Akron Firefighters Credit Union** | **2009 Chrysler Town & Country** | 24,300.00 | 6.25% | 520.00 |
| **Akron Firefighters Credit Union** | **2008 Harley Heritage Softail Motorcycle** | 9,600.00 | 6.25% | 205.00 |
| **HSBC Retail Credit** | **2005 Yamaha 650 Motorcycle** | 2,800.00 | 6.25% | 60.00 |

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

## 6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| -NONE- | | |

## 7. DOMESTIC SUPPORT OBLIGATIONS

Debtor ☐ does ☒ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|
| -NONE- | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| -NONE- | | |

## 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| Ohio Dept. of Taxation | 400.00 |

## 9. GENERAL UNSECURED CLAIMS

Unsecured Creditors shall be paid __25__ %, of timely filed and non disputed general non-priority unsecured claims.

## 10. PROPERTY TO BE SURRENDERED

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| ResortCom, International | Timeshare at Playa Grande in Cabo San Lucas, Mexico |

## 11. EXECUTORY CONTRACT AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description |
|---|---|
| -NONE- | |

## 12. SPECIAL PROVISIONS

**A. Debtor(s)' counsel fees in Chapter 13 cases filed in Akron, Ohio, shall be deemed an administrative expense of the bankruptcy estate pursuant to 11 U.S.C. §503(b). Upon confirmation of the plan, provided sufficient funds have been paid into the plan, the Chapter 13 Trustee shall commence payment of attorney fees pursuant to 11 U.S.C. §507(a)(1) and 11 U.S.C. §1326(b)(1), subject to Administrative Order No. 04-01. Debtor(s)' counsel shall remain counsel of record and provide representation on behalf of the debtor(s) until completion or dismissal of this case, unless said representation has been excused by the Court. Failure to attend to such representation may result in an order requiring disgorgement of fees.**

**B. Pursuant to 11 U.S.C. 1305(a)(2), any governmental unit may file a proof of claim for taxes that become payable after the date on which the case was filed, provided that the case is still pending and a discharge has not been entered.**

**C. AKRON FIREFIGHTERS' CREDIT UNION: The second mortgage on property located at 136 Hollywood Avenue in Cuyahoga Falls, Ohio shall be stripped as having no secured value. Creditor shall be treated as wholly unsecured and be forever barred from asserting secured status. Creditor shall release its' lien upon completion of this Plan.**

/s/Michael R. McFalls
**Michael R. McFalls**

Date: January 28, 2011

/s/ Debra E. Booher
**Debra E. Booher
0067804
Debra Booher & Associates Co., LPA
One Cascade Plaza
First Floor
Akron, OH 44308
330.253.1555**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically transmitted on or about January 28, 2011 via this Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

U.S. Trustee
Trustee, Mr. Keith Rucinski

and to the following via regular U.S. mail on January 28, 2011:

All parties on the attached list

                                        /s/ Debra E. Booher
                                        Debra E. Booher (# 0067804)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0647-5<br>Case 10-55444-mss<br>Northern District of Ohio<br>Akron<br>Fri Jan 28 11:37:04 EST 2011 | US Bankruptcy Court<br>455 Federal Bldg<br>2 South Main Street<br>Akron, OH 44308-1813 | 1-Wells Fargo<br>8480 Stagecoach Circle<br>Frederick, MD 21701-4747 |
| 2 Akron Firefighters Credit Union<br>161 Massillon Road<br>Akron, OH 44312-1052 | 3 World Financial Network Natl Bank<br>220 West Schrock Road<br>Westerville, OH 43081-2873 | 3 World Financial Network Natl Bank<br>c/o Atty. Joseph DeGiorgio<br>175 S. Third St., Ste 900<br>Columbus, OH 43215-5166 |
| 4 Capital One<br>Bankruptcy Department<br>PO Box 5155<br>Norcross, GA 30091-5155 | 4 Capital One<br>c/o Atty. Jennifer Dorton<br>323 W. Lakeside Ave., #200<br>Cleveland, OH 44113-1009 | AKRON FIREFIGHTERS CREDIT UNION INC<br>C/O WELTMAN ET AL<br>323 W. LAKESIDE AVE., 2ND FL<br>CLEVELAND, OH 44113-1085 |
| Akron Firefighters Credit Union<br>161 Massillon Road<br>Akron, OH 44312-1052 | Akron Firefighters Dept Credit Union<br>c/o Weltman Weinberg & Reis Co LPA<br>323 W. Lakeside Ave., 2nd Fl<br>Cleveland, OH 44113-1085 | American Express<br>PO Box 297812<br>Fort Lauderdale, FL 33329-7812 |
| American Infosource Lp As Agent for Wfnnb<br>As Assignee of<br>Levin Furniture<br>PO Box 248872<br>Oklahoma City, OK 73124-8872 | Barclay's<br>PO Box 8801<br>Wilmington, DE 19899-8801 | Barclay's<br>c/o Morgan & Pottinger<br>204 E. Market Street<br>Louisville, KY 40202-1218 |
| CANDICA L.L.C.<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Calhoun County Sheriff<br>PO Box 360<br>Grantsville, WV 26147-0360 | Capital One Bank (USA), N.A.<br>by American Infosource Lp As Agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
| Children's Hospital Medical Center<br>PO Box 1750<br>Akron, OH 44309-1750 | Citibank/Home Depot<br>PO Box 6497<br>Sioux Falls, SD 57117-6497 | Cuyahoga Falls General Hospital<br>PO Box 182301<br>Columbus, OH 43218-2301 |
| Cuyahoga Falls General Hospital<br>c/o United Collection Bureau<br>5620 Southwyck Blvd.<br>Toledo, OH 43614-1501 | GE Money Bank/ JCPenney<br>PO Box 103104<br>Roswell, GA 30076-9104 | HSBC Retail Credit<br>700 North Wood Dale Road<br>Wood Dale, IL 60191-1107 |
| Houston Funding II, Ltd<br>2620 Fountainview Ste 305<br>Houston TX 77057-7688 | Ohio Dept. of Taxation<br>Bankruptcy Division<br>PO Box 530<br>Columbus, OH 43266-0001 | Ohio Dept. of Taxation<br>c/o Attorney General<br>attn: Bankruptcy Staff<br>150 E. Gay Street, 21st Floor<br>Columbus, OH 43215-3191 |
| ResortCom, International<br>c/o Playa Grande Resort<br>PO Box 881069<br>San Diego, CA 92168-1069 | Speedway/Super America<br>3460 Blazer Pkwy<br>Lexington, KY 40509 | Summa of Western Reserve<br>1900 23rd Street<br>Cuyahoga Falls, OH 44223-1404 |

| | | |
|---|---|---|
| Summa of Western Reserve<br>c/o United Collection Bureau<br>5620 Southwyck Blvd.<br>Toledo, OH 43614-1501 | WELLS FARGO BANK NA<br>C/O ERIN JOCHIM<br>PO BOX 5480<br>CINCINNATI, OH 45201-5480 | Wells Fargo Bank, N.A.<br>c/o Wells Fargo Home Mortgage<br>Bankruptcy Department<br>One Home Campus<br>MAC ID #X2302-04C<br>Des Moines, IA 50328-0001 |
| World's Foremost Bank<br>PO Box 82608<br>Lincoln, NE 68501-2608 | Debra E Booher<br>1350 Portage Trail<br>Cuyahoga Falls, OH 44223-2105 | Keith Rucinski<br>Chapter 13 Trustee<br>One Cascade Plaza<br>Suite 2020<br>Akron, OH 44308-1160 |
| Michael R. McFalls<br>136 Hollywood Avenue<br>Cuyahoga Falls, OH 44221-1516 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Wells Fargo Bank, N.A.

End of Label Matrix
Mailable recipients   36
Bypassed recipients    1
Total                 37